UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MAGDA,

       Plaintiff,

v.

AUTOMOBILE CLUB INSURANCE
ASSOCIATION,

       Defendant.
                                               /

Case No. 2:14-cv-12144

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION
FOR DECLARATORY RELIEF** (document no. 58) **AND STAYING THE CASE**

    James Magda is wheelchair-bound as result of a car accident in 1977. At the time of the accident, Magda was covered by a no-fault insurance policy issued by Automobile Club Insurance Association ("Auto Club"). In the years since, Auto Club has paid certain expenses arising from Magda's disability. In 2014, Magda filed the present suit and alleged that Auto Club wrongfully failed to pay expenses required by law and the policy. Auto Club denies that it has failed to pay any obligations it has to Magda.

    Two items are currently before the Court. Magda has moved for declaratory relief regarding his wheelchair, ECF No. 58, and recently, the discovery master in the case reported that the parties are in "serious settlement discussions." He recommended the Court vacate its current scheduling order and stay the proceedings until December 21, 2016. Report, ECF No. 67. For the reasons stated below, the Court will deny Magda's motion without prejudice and stay the proceedings as recommended by the discovery master.

**BACKGROUND**

Magda alleges that Auto Club has failed to pay for several items and services, but in the present motion, he specifically seeks relief regarding his wheelchair. Magda claims that his current wheelchair is inadequate for his needs. *See* Motion 1, ECF No. 58. He claims that his "doctor and physical therapist have prescribed and recommended (respectively) a new wheelchair, of the stair-climbing variety" and that his physical therapist recommended a specific model: the Terrain Master X8. *Id.* at 8, 6; Physical Therapist Evaluation, ECF No. 58-4.

There has been some communication between those who assist Magda and Auto Club. Magda apparently asked Auto Club to authorize the purchase of a new chair but Auto Club did not make the authorization. So Magda's case manager emailed Auto Club and inquired why. *See* Email, ECF No. 58-6. Auto Club replied with a letter and indicated that repairing his current chair might be more appropriate than purchasing a new one and asked for clarification regarding the defects of Magda's current chair. *See* Letter, ECF No. 58-9. Other than a short email from Magda's counsel to Auto Club's counsel, ECF No. 58-11, neither party provides any further correspondence or documentation regarding Magda's request for a new chair or Auto Club's request for an assessment of Magda's current chair.

Magda then brought the instant motion. He argues that he needs a declaration from the Court "before he incurs . . . expense," presumably due to the estimated $15,000 cost of the chair. Reply 4, ECF No. 60; Mot. 6, ECF No. 58. He stresses the urgency of his need for a new chair, that his need "increases everyday," and that because Auto Club has "rebuffed efforts . . . to resolve this issue amicably" he has been left with no choice but to bring a motion for declaratory relief. Mot. 7, ECF No. 58. He asks the Court to declare "that

Auto Club is obligated to pay for the new, stair climbing wheelchair when incurred" pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Mot. 3, ECF No. 58. Auto Club contends that purchasing the chair Magda seeks is neither reasonable nor necessary, and in any event, that declaratory judgment is not an appropriate remedy.

## DISCUSSION

The Declaratory Judgement Act allows courts, in their discretion, to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Declarations under the Act have the force and effect of a final judgment. *Id.* The Act "was designed to be available to test state criminal statutes in circumstances where an injunction would not be appropriate," *Steffel v. Thompson*, 415 U.S. 452, 467 (1974), and it permits, but does not require, the Court to declare the rights of litigants. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."). "The propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." *Id.* at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 243 (1952)).

The Court has serious reservations about the propriety of a declaratory judgment on this matter and at this time. There is no separate action, either in state or federal court, and Magda seeks a judicial confirmation that he is entitled to a benefit before incurring a significant expense. Though Magda cites numerous cases in which Michigan state courts

3

issued a declaratory judgment for a plaintiff seeking PIP benefits, neither party provides a case with facts similar to those here arising under the federal Declaratory Judgment Act.

If a declaratory judgment is even appropriate, the Court would nevertheless be ill-equipped to render a decision given the limited factual record. Magda claims "[t]here is no question that a new wheelchair, with stair climbing abilities, is necessary to meet his accident-related needs," Mot. 7, ECF No. 58, but that is a matter of dispute. Auto Club does not deny that Magda requires a wheelchair, or that it is obligated to pay no-fault benefits to him. But it does dispute that purchasing a new chair — and the Terrain Master X8 specifically — instead of repairing his current chair is a reasonable and necessary expense. Resp. 1–2, ECF No. 59. There is a very limited record and discovery has only just closed. The Court simply cannot resolve Magda's motion by making factual findings on limited evidence.

For all these reasons, the Court in its discretion will decline to enter declaratory judgment. The Court takes no position on whether a wheelchair of any kind is reasonable and/or necessary or on Auto Club's obligations under the policy.

The Court will, however, stay the proceedings as recommended by the Discovery Master to allow the parties to more swiftly and efficiently continue settlement discussions.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Magda's Motion for Declaratory Judgment is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the case is **STAYED** until December 21, 2016, on which date the parties shall **FILE** a joint status report.

4

If settlement is reached before that date, the parties shall **FILE** a stipulated order of dismissal within 21 days of settlement.

    **SO ORDERED**.

                                      s/Stephen J. Murphy, III
                                      STEPHEN J. MURPHY, III
                                      United States District Judge

Dated: October 27, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 27, 2016, by electronic and/or ordinary mail.

                                      s/David P. Parker
                                      Case Manager